# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL J. REGAN AND<br>FRANCIS ELWOOD REGAN, JR. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions: (1) a Motion to Reconsider and Vacate Order/Judgment of Remand (Record Document 40) filed by the defendant and third-party plaintiff, Starcraft Marine, LLC ("Starcraft"); and (2) a Motion to Dismiss (Record Document 44) filed by third-party defendant, the United States of America ("the United States"). For the reasons which follow, the Motion to Reconsider and Vacate Order/Judgment of Remand is **GRANTED** and the Motion to Dismiss is **DENIED**.

## I. BACKGROUND.[1]

On April 16, 2005, off-duty Army staff sergeant Daniel Regan ("Regan") was a passenger aboard a pontoon boat that Master Sergeant John Vandergriff ("Vandergriff") had rented from the Army's Toledo Bend Morale, Welfare, and Recreation facility. While traveling on the Toledo Bend Reservoir between Louisiana and Texas, Regan fell out of the boat and was struck by the propeller, resulting in severe injuries.

In November of 2005, Regan and his father ("the Regan plaintiffs") sued Starcraft,

---

[1]The relevant facts and procedural history of this case are not in dispute; thus, the Court has adopted the facts and procedural history set forth in previous filings and court documents, namely the Report and Recommendation of the Magistrate Judge (Record Document 27), the opinion of the United States Court of Appeals for the Fifth Circuit (Record Document 37), and the Memorandum in Support of United States' Motion to Dismiss (Record Document 44-2).

the manufacturer of the pontoon boat, in Louisiana state court, alleging defective design, manufacture, and marketing of the boat. On January 24, 2006, Starcraft removed the case to federal court alleging federal question jurisdiction based on an assertion that the site of the accident was a federal enclave subject to exclusive federal jurisdiction. The Regan plaintiffs moved to remand the case, arguing that the accident occurred in an area where the lake bed was owned by the State of Louisiana. Before the Court ruled on the motion to remand, Starcraft filed a third-party complaint against the United States seeking contribution and indemnity under the Federal Tort Claims Act and/or the Suits in Admiralty Act, alleging that the United States failed to properly maintain the boat; rented the boat for use in a manner inconsistent with its intended function; failed to determine the intended uses of the pontoon boat; failed to provide proper instructions regarding use of the boat; and failed to properly repair the boat.

On April 18, 2006, Magistrate Judge Hornsby issued a Report and Recommendation concluding that the case should be remanded because Starcraft had not met its burden of establishing a basis for federal subject matter jurisdiction. He also noted that while the United States had been added as a party defendant and might remove the case back to federal court, this possibility did not permit the Court to ignore an initial lack of subject matter jurisdiction. On July 19, 2006, the district court remanded the case to the Eleventh Judicial District Court, Sabine Parish, Louisiana.

On July 25, 2006, the United States filed a Notice of Removal and the matter was once again in federal district court. The United States moved to dismiss Starcraft's third-party complaint for lack of subject matter jurisdiction pursuant to the <u>Feres</u> doctrine, which generally bars suits against the government based on injuries to military personnel.

Starcraft opposed the motion. On February 27, 2007, Magistrate Judge Hornsby issued a Report and Recommendation, concluding that the United States' motion to dismiss should be granted because Regan was acting "incident to service" at the time of his injury. See Record Document 27. Having recommended dismissal of Starcraft's third party complaint against the United States, Magistrate Judge Hornsby further addressed the pending state law claim asserted by the Regan plaintiffs against Starcraft:

> The only basis for exercising original jurisdiction over this case, and the event that triggered removal, is Starcraft's assertion of an FTCA third-party demand against the United States. If that claim is dismissed, as recommended, the only basis to exercise jurisdiction over the remaining state-law claims between Plaintiff and Starcraft is supplemental jurisdiction as set forth in 28 U.S.C. § 1367.
>
> Section 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. The rule applies in removed cases, and the district court enjoys wide discretion in deciding whether to remand the supplemental claims. Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993). Despite the discretion vested in the district court, the Fifth Circuit has said that "[t]he general rule is that state claims should be dismissed once the basis for federal jurisdiction has been dismissed." Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995)(affirming remand of state law claims after federal claims were dismissed). See also Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir.1992) (reversing district court's exercise of supplemental jurisdiction over state law claims after federal law claims were dismissed).
>
> Factors relevant to the court's exercise of its discretion include judicial economy, convenience, fairness, federalism and comity. Engstrom, supra. In Engstrom, the Court noted that the case had been pending in federal court for three years but there had been "no substantial commitment of judicial resources" by the federal system. This case is in its beginning stages, and discovery has been stayed pending resolution of the motion to dismiss, so there is little federal investment of judicial resources that will be wasted by a remand. Federalism and comity will be served by allowing the state courts to resolve the state law issues presented in Plaintiff's personal injury petition. The relevant factors strongly favor a remand of the remaining claims if the claims against the United States are dismissed.

Id. at 15-16. Magistrate Judge Hornsby ultimately recommended remand of the Regan

plaintiffs' complaint against Starcraft. See id. at 16. Starcraft timely objected to the Report and Recommendation. On March 26, 2007, the district court concurred with Magistrate Judge Hornsby's Report and Recommendation and issued a Judgment dismissing Starcraft's third-party complaint against the United States for lack of subject matter jurisdiction pursuant to the Feres doctrine and remanding the Regan plaintiffs' complaint against Starcraft to state court. See Record Document 29.

Starcraft filed a timely notice of appeal as to the dismissal of its third-party complaint, but did not appeal the order of remand. On June 4, 2008, the Fifth Circuit reversed the district court's dismissal of Starcraft's third-party complaint against the United States, concluding that Regan's injuries were not incident to service. The majority did not address the propriety of the *sua sponte* remand of the Regan plaintiffs' complaint against Starcraft, but did note:

> Should our decision suggest the desirability of again seeking to bring all the claims together in one court, a possibility significantly impacted by whatever has occurred in state court since the remand over one year ago, the parties may address that issue in the state and federal trial courts.

Record Document 37 at 6. Circuit Judge DeMoss wrote separately in a concurring opinion to express his personal view that the court should have vacated the remand in addition to reversing the dismissal, reasoning:

> Our decision to reverse the Feres doctrine dismissal automatically renders the section 1367(c)(3) remand erroneous because the dismissal and the remand are inextricably intertwined.

Id. at 34.

On July 28, 2008, the district court conducted a telephone status conference. See Record Document 39. The parties discussed jurisdictional issues and the order of remand.

See id. The court set an August 28th deadline for motions and memoranda relating to the jurisdictional and remand issues. See id.

## II. MOTION TO RECONSIDER AND VACATE ORDER/JUDGMENT OF REMAND.

Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6), Starcraft moves the Court to vacate its March 26, 2007 order of remand. See Record Documents 29 & 40. The primary basis for Starcraft's motion is Rule 60(b)(5). See Record Document 56 at 2. Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

F.R.C.P. 60(b). Under Rule 60(c), a motion under Rule 60(b)(5) or (6) must be made within a reasonable time. See F.R.C.P. 60(c)(1).

The United States opposes the Motion to Reconsider and Vacate. See Record Documents 46. The United States argues that relief under Rule 60(b)(5)'s "prospective application" provision is improper because "Starcraft's right to seek contribution or indemnification against the United States has not accrued, and any future contribution/indemnification action by Starcraft will not be foreclosed by either dismissal of Starcraft's third-party complaint against the United States or refusal to remove Regan v. Starcraft to the [d]istrict [c]ourt." Id. at 4. The United States further contends that relief under Rule 60(b)(6) is inappropriate, as a Rule 60(b)(6) motion may not be used as a substitute for an appeal not taken. See id. at 5, citing Seven Elves, Inc. v. Eskenazi, 635

F.2d 396, 402 (5th Cir. 1981).

The Regan plaintiffs also opposed the Motion to Reconsider and Vacate and mirrored the arguments of the United States. See Record Document 55. Specifically, they contend that Starcraft's Rule 60(b) motion is untimely and that Rule 60(b) relief is unavailable to those who have made a voluntary decision not to appeal. See id.

The Court finds that relief from the order of remand is appropriate in this case pursuant to Rule 60(b)(5), which provides that the court may relieve a party from a final judgment or order when said judgment or order is based on an earlier judgment that has been reversed or vacated. The *sua sponte* order of remand entered in this matter was based on, and directly related to, the dismissal of Starcraft's third-party complaint. The Fifth Circuit reversed that dismissal in April 2008. In addition, the Court notes that the parties all agree that there has been no activity in Regan v. Starcraft at the state court level since the order of remand was issued in March 2007. There have been no motions filed in the state court proceeding and all discovery conducted to date in this matter occurred while the case was pending in federal district court.

The Court also finds that Starcraft's Rule 60(b)(5) motion was made within a reasonable time, as required by Rule 60(c)(1). See Johnson Waste Materials v. Marshall, 611 F.2d 593, 600 (5th Cir. 1980) ("[T]here is no one-year time limit on motions under Rule 60(b)(5)."). Here, the Fifth Circuit issued its judgment and mandate on June 3, 2008. See Record Document 37. The Clerk of Court for the Western District of Louisiana entered the judgment and mandate on June 4, 2008. See id. By letter dated July 17, 2008, Starcraft requested a status conference, which was held on July 28, 2008. See Record Document 38 & 39. At that time, the Court entered a motion deadline of August 28, 2008. See

Record Document 39. Starcraft filed its Motion to Reconsider and Vacate in accordance with that motion deadline. Under this set of circumstances, Starcraft's Motion to Reconsider and Vacate was made within a reasonable time. See McCorvey v. Hill, 385 F.3d 846, 849 (5th Cir. 2004) ("Therefore, what constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question.").

Based on the foregoing, Starcraft's Motion to Reconsider and Vacate is **granted**. Accordingly, the Court's Judgment (Record Document 29) of March 26, 2007, ordering that this matter be remanded to the Eleventh Judicial District Court, Sabine Parish, Louisiana, is **vacated**.

### III. MOTION TO DISMISS.

The Court must now consider the Motion to Dismiss filed by the United States.[2] At the time the United States filed its Motion to Dismiss, the Regan plaintiffs' action against Starcraft was pending in Louisiana state court. Specifically, the United States noted:

> During the pendency of Starcraft's appeal, there has been little or no activity in the state court litigation and, as of this date, there has been no judgment or settlement of Regan's case. The issue is whether Starcraft can pursue a contribution/indemnification claim against the United States **when there has been no resolution of Regan's state court action against Starcraft**. The answer is no.
>
> [T]he Louisiana state court will determine the fault of all of the potentially responsible organizations and individuals, including Starcraft, the United States, Vandergriff, and Regan. This is due to Louisiana's Comparative Fault statute [La. C.C. Art. 2323(A)] . . . . Based on this statute, it is likely that Starcraft will not have to pay more than its proportionate share of fault. Consequently, there may be no basis for Starcraft to seek contribution or indemnification from the United States, as Starcraft will pay its fair share of

---

[2]The Regan plaintiffs "concur that the United States' Motion to Dismiss should be granted, dismissing Starcraft's indemnification/contribution complaint without prejudice." Record Document 51.

the damages and no more.

Record Document 44-2 at 7-8 (emphasis added). The United States further contends that "Starcraft's claim for contribution or indemnification is not ripe for adjudication." Id. at 10.

In light of this Court's ruling on Starcraft's Motion to Reconsider and Vacate, the aforementioned facts and arguments recited by the United States are no longer accurate. The order of remand previously entered has been vacated and the Regan plaintiffs' action against Starcraft is now once again before this Court. Thus, it appears that the legal arguments serving as the basis for the United States' motion are no longer sound. Further, in its reply, the United States concedes that "the trial court has wide discretion in determining whether to permit . . . third-party procedure" pursuant to Federal Rule of Civil Procedure 14.[3] Southern Ry. Co. v. Fox, 339 F.2d 560, 563 (5th Cir. 1964). Considering this wide discretion, the Court **denies** the United States' Motion to Dismiss and Starcraft's third-party complaint against the United States shall proceed before this Court.

## IV. CONCLUSION.

Based on the foregoing, the Motion to Reconsider and Vacate Order/Judgment of Remand (Record Document 40) filed by Starcraft is **GRANTED**. This Court's Judgment (Record Document 29) of March 26, 2007, ordering that this matter be remanded to the Eleventh Judicial District Court, Sabine Parish, Louisiana, is **VACATED** and the Regan

---

[3] Rule 14(a)(3) provides, in pertinent part:

> The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

F.R.C.P 14(a)(3).

plaintiffs' action against Starcraft is once again before this Court. The Motion to Dismiss (Record Document 44) filed by the United States is **DENIED** and Starcraft's third-party complaint against the United States shall proceed.

This matter is referred to the Magistrate Judge for a scheduling conference for the purpose of entering a scheduling order.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of February 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE