UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL J. REGAN AND<br>FRANCIS ELWOOD REGAN, JR. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine (Record Document 101) filed by defendant John C. Vandergriff ("Vandergriff"). Vandergriff requests that the Court exclude from evidence (1) all direct and impeachment testimony and/or documents referencing or alluding to the criminal court proceedings or criminal conviction resulting from his *nolo contendere* plea arising from the events of April 16, 2005; and (2) all documents and testimony referencing or alluding to his blood alcohol content on April 16, 2005, on grounds that the sample taken is unreliable due to defects in the chain of custody, and that the requisite showing required in Ballou v. Henri Studios, Inc., 656 F.2d 1147 (5th Cir. 1981) has not been made.

Defendant Starcraft Marine LLC ("Starcraft") has conceded that "Vandergriff's *nolo contendere* plea and/or any reference thereto is prohibited by the Federal Rules of Evidence." Record Document 102 at 5. Likewise, "pursuant to Federal Rule of Evidence 609(a), Starcraft agrees that . . . Vandergriff's conviction cannot be used to attack his character for truthfulness since the crime that he was charged with does not entail death nor imprisonment of one year or more." Id. Finally, Starcraft does not dispute that Vandergriff's conviction cannot be used for purposes of impeachment since the charges were subsequently dismissed pursuant Louisiana Code of Criminal Procedure Article 894.

See id. Accordingly, the Motion in Limine is **GRANTED** as to all direct and impeachment testimony and/or documents referencing or alluding to the criminal court proceedings or criminal conviction resulting from Vandergriff's *nolo contendere* plea arising from the events of April 16, 2005.

The Court will now turn to Vandergriff's request to exclude all documents and testimony referencing or alluding to his blood alcohol content on April 16, 2005, on grounds that the sample taken is unreliable due to defects in the chain of custody, and that the requisite showing required in Ballou v. Henri Studios, Inc., 656 F.2d 1147 (5th Cir. 1981) has not been made. Starcraft opposed the portion of the Motion in Limine challenging the reliability of the blood alcohol analysis. See Record Document 102 at 6-9. Starcraft outlined in detail the chain of custody, beginning with Vandergriff's transport to a Many, Louisiana facility on April 16, 2005 to have his blood drawn and ending with a forensic scientist for the Louisiana State Police Crime Laboratory performing the actual drug and chemical analysis on May 4, 2005. See id. at 6-7. Starcraft also noted that its witness list includes "every known living witness who had anything to do with Vandergriff's blood sample." Id. at 9.

Starcraft later supplemented its opposition after DNA test results became available. See Record Documents 102 & 164. The DNA testing[1] shows without question that the

---

[1]The United States filed a Motion to Compel a DNA Sample from Vandergriff. See Record Document 111. On November 12, 2009, the Magistrate Judge granted the motion, finding that Vandergriff's physical condition (blood-alcohol content) is "in controversy," and that the United States has shown good cause for the DNA sample. See Record Document 114.
     Vandergriff provided a mouth swab, which was immediately delivered to The Bode Technology Group in Lorton, Virginia. See id.; Record Document 164. The Louisiana Department of Wildlife and Fisheries delivered the blood samples in its possession, which

DNA from the Louisiana Department of Wildlife and Fisheries blood sample matched, within the standard degree of scientific certainty, the DNA of Vandergriff's mouth swab sample. See Record Document 164, Exhibit A.

It is well settled in the Fifth Circuit "that the question [of] whether the proponent of evidence has proved an adequate chain of custody goes to the weight rather than the admissibility of the evidence, and is thus reserved for the jury." Ballou v. Henri Studios, Inc., 656 F.2d 1147, 1154 (5th Cir. 1981). Matters of alteration, contamination, or adulteration of the evidence are likewise questions for the jury once the proponent of the evidence demonstrates a threshold showing that reasonable precautions were taken against the risk of alteration, contamination, or adulteration. See id. at 1155.

Based on the opposition to the Motion in Limine, including the attached exhibits, and considering the DNA test results, the Court holds that Starcraft made the necessary threshold showing that reasonable precautions were taken against the risk of alteration or contamination of Vandergriff's blood sample. Documents and testimony referencing Vandergriff's blood alcohol content on April 16, 2005 will, therefore, be admissible at trial and the jury will be free to weigh such evidence in order to determine not only Vandergriff's fault, if any, in this case, but also any possible breaks in the chain of custody or

---

were believed by members of that agency to be from Vandergriff, to The Bode Technology Group. See id. The Bode Technology Group compared the DNA from the mouth swab to the DNA in the blood sample. See id. The swab and blood samples were then returned to the Louisiana Department of Wildlife and Fisheries for safekeeping until trial. See Record Document 114.

On January 28, 2010, the United States advised the Court and all counsel that it was in receipt of the DNA test results. See Record Document 158. After the appropriate motion practice, the Court permitted counsel for the United States to furnish counsel for Starcraft a certified copy of the DNA test results. See Record Document 159.

contamination of the blood sample.[2]

Accordingly,

**IT IS ORDERED** that the Motion in Limine is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to all direct and impeachment testimony and/or documents referencing or alluding to the criminal court proceedings or criminal conviction resulting from Vandergriff's *nolo contendere* plea arising from the events of April 16, 2005. The motion is **DENIED** as to all documents and testimony referencing or alluding to Vandergriff's blood alcohol content on April 16, 2005.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Vandergriff made a scant, one sentence reference to Rule 403 in the Motion in Limine. See Record Document 101 at 11-12. This brief mention of Rule 403 is insufficient for the Court to analyze any purported Rule 403 challenge to the admissibility of Vandergriff's blood alcohol content.