**MINUTES [02:15]**
**MARCH 18, 2010**
**JUDGE S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DANIEL J. REGAN, ET AL. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

The Court held a pretrial conference on March 18, 2010 at 9:30 a.m. in the above-captioned matter. John DeGravelles and Randolph Hunter participated on behalf of the plaintiffs. David Frohn and Lorraine Gallagher participated on behalf of defendant Starcraft Marine, LLC ("Starcraft"). James Hailey participated on behalf of defendant John Vandergriff ("Vandergriff"). Michelle Delemarre, Stephen Ketyer, Jennifer Frederick, Craig Jenkins, and Sherry Blount participated on behalf of third party defendant United States of America. Whitney Howell is the law clerk assigned to this matter and any further questions relating to this trial should be directed to her.

Jury trial in this matter is hereby **RESET** for **Monday, July 26, 2010** and is expected to last two weeks. The final pretrial conference is set for **Friday, June 25, 2010 at 10:00 a.m.** and the **revised**[1] joint pretrial order is due by **noon** on **Friday, June 18, 2010**. The deadline for the taking of trial depositions is **RESET** for **Monday, July 5, 2010**.

---

[1]The pretrial order contained numerous objections to deposition testimony, discovery responses, witnesses, and exhibits. The parties were instructed to work towards resolving their objections and to submit a revised pretrial order. Any remaining objections shall be made in a more detailed paragraph form with pinpoint citations.

The Court orally ruled on the pending motions in limine as follows:

(1) Starcraft's Motion in Limine to Exclude any Testimony Regarding any Subsequent Remedial Measures Made to the Design, Manufacture, or Warnings of the Subject Boat (Record Document 165) was **DEFERRED TO THE MERITS**.

(2) Starcraft's Motion in Limine to Preclude the United States from Raising as a Defense at Trial the Limitation of Liability Act (Record Document 166) was **DENIED**.

(3) Starcraft's Motion in Limine to Preclude the Admission of Photographs and Videotapes of the Plaintiff (Record Document 169) was **GRANTED** as to the videotape and **DENIED** as to the photographs. However, plaintiffs' counsel was advised to select only five photographs to depict plaintiff Daniel Regan's injuries.

(4) The United States' Motion to Exclude Photographs Taken During the May 5, 2009 Site Visit to Fort Polk and the Army's Toledo Bend MWR, and to Exclude Any Testimony that the Photographs Serve to Illustrate (Record Document 173) was **GRANTED** as to the photographs of and testimony regarding the subject boat and the photographs of and testimony regarding the four other pontoon boats. However, the Court noted that the experts were free to testify regarding their inspection of the other four pontoon boats and any observations of the same/similar defects. The motion was **MOOTED** as to the photographs and testimony regarding the repair shop at the Toledo Bend MWR Facility.

(5) Vandergriff's Motion in Limine to Exclude Evidence of Horizontal Gaze Nystagmus Test (Record Document 172) was **DENIED**.

(6) Vandergriff's Motion for Reconsideration of Order Denying, in Part, Motion in

Limine to Exclude Evidence of Blood Alcohol Content (Record Document 171) was **GRANTED**.

(7) Plaintiffs' Motion in Limine (Record Document 170) was **DEFERRED** as to the collateral source rule[2] and as to evidence regarding the blood-alcohol testing and/or results of that testing performed on plaintiff Daniel Reagan.  The motion was **MOOTED** as to evidence regarding the blood-alcohol testing and/or results of that testing performed on John Vandergriff in light of the Court's ruling on the Motion for Reconsideration and as to evidence regarding a prior DUI conviction of Vandergriff in 1986 in light of the Court's ruling on a previously filed Motion in Limine (Record Document 167).  The motion was **DENIED** as to the testimony of witnesses who were not timely listed in witness lists.  However, plaintiffs will be entitled to depose Clyde Head.  The motion was **DENIED**, pursuant to Federal Rule of Evidence 801(d)(2), as to evidence of the history of the accident as reflected in the hospital records and/or testimony of treating physicians.  The motion was **GRANTED IN PART AND DENIED IN PART** as to evidence of the conduct of passengers on the pontoon boat where the accident occurred prior to the time of the accident.  Any testimony regarding "flashing," "mooning," or nude sunbathing is **EXCLUDED** pursuant to Federal Rule of Evidence 403.  The motion was **DENIED** in all other respects as to the conduct of passengers issue.

(8) Starcraft's Motion in Limine to Exclude Evidence of Inapplicable Boat Design Standard (Record Document 168) was **DENIED IN PART AND DEFERRED IN PART** .

---

[2]The parties were directed to provide further briefing on the applicability of the collateral source rule.  The United States' brief is due **June 4, 2010** and all responses are due **June 11, 2010**.

The motion was **DENIED** as to the applicability of the American Boat and Yacht Council's standards.  The parties are free to argue, through their experts, the applicability of the standards of the American Boat & Yacht Council and the National Marine Manufacturers Association.  The motion was **DEFERRED** as to the admissibility of the 400 pound test/static load test.

The Court orally ruled on the pending Daubert motions as follows:

(1) Starcraft's Daubert Motion to Exclude Testimony of Robert A. Warren (Record Document 132) was **DENIED** as to testimony regarding ABYC H-41; **GRANTED** as to testimony regarding warnings;[3] and **MOOTED** as to issues relating to propeller guards in light of the Court's ruling on Starcraft's Motion for Partial Summary Judgment.

(2) Starcraft's Daubert Motion to Exclude Testimony of John C. Horner (Record Document 133) was **DENIED** as to testimony regarding ABYC H-41 and **GRANTED** as to testimony regarding warnings.

(3) Starcraft's Daubert Motion to Exclude Testimony of Robert J. Swint (Record Document 137) was **DENIED** as to testimony regarding ABYC H-41; **GRANTED** as to testimony regarding warnings; and **MOOTED** as to issues relating to propeller guards.



---

[3] The Court held that the testimony of the experts on the issue of warnings would not assist the trier of fact in this case, as the adequacy of the warnings/instructions at issue are not beyond the common understanding of the average juror.  The warnings/instructions at issue were written for the general public, namely consumers similar to the individuals who will sit on the jury. See Calvit v. Procter & Gamble Mfg. Co., 207 F.Supp.2d 527 (M.D.La. 2002) and Wilson v. Thompson/Center Arms Co., Inc., No. 05-6493, 2007 WL 4727640 (E.D.La. Nov. 1, 2007).