UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL J. REGAN AND<br>FRANCIS ELWOOD REGAN, JR. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plainitffs' Motion Re-Urging the Exclusion of Evidence of Blood-Alcohol Testing and Content Following Deposition of Cuthbert O. Simpkins, M.D. (Record Document 205). Plaintiffs seek to exclude evidence regarding the blood alcohol testing and/or results of that testing performed on Plaintiff Daniel J. Regan ("Regan") since the party(ies) offering such evidence lack an adequate foundation for its introduction. See id. Defendant Starcraft Marine, LLC ("Starcraft") opposed the motion, arguing that Dr. Cuthbert O. Simpkins ("Dr. Simpkins"), Reagan's treating physician, is an expert qualified to interpret the results of Reagan's blood alcohol test. See Record Document 214.

The deposition of Dr. Simpkins was taken on March 26, 2010. As to the interpretation or explanation of blood alcohol testing, Dr. Simpkins testified:

> Q. [By Mr. deGravelles] Doctor, we talked before the deposition began, and one of the issues that Mr. Frohn is going to ask you about has to do with the effects of alcohol in this specific case, and specifically with respect to blood alcohol levels. My question to you is: Are you a toxicologist?
>
> A. No, I'm not.
>
> Q. Are you a pathologist?
>
> A. No.
>
> Q. Do you have any special training or education in the interpretation of

>     blood alcohol test results?
>
> A.   No, I don't.
>
> Q.   Have you ever qualified as an expert witness in the interpretation of blood alcohol results?
>
> A.   No, I have not.
>
> **Q.   *Do you feel qualified as an expert in the field of interpretation of blood alcohol results?***
>
> **A.   *No, I do not.***

Record Document 205-2, Exhibit A at 29-30 (emphasis added). Later in the deposition, Dr. Simpkins was also asked to interpret the blood alcohol testing results of the driver of the pontoon boat. See id. at 89-93. Specifically, he was asked whether a driver with a .13 grams percent blood alcohol level two hours and fifteen minutes after the accident would have had diminished critical judgment, concentration, ability to divide his attention between objects, ability to maintain his attention span, and/or ability to detect a serious or dangerous situation at the time of the accident. See id. Again, Dr Simpkins stated that he would defer to someone with more expertise, answering:

>     One of the things I've learned as a physician is balance and equanimity, and not to presume things and, as a scientist, I've learned the dangers of -- the perils of conjecture. . . . I don't know enough to make an educated guess. . . . I can't tell you. I mean, when I dealt with the problem, it was, what can that patient do when theyre right in front of me right now? I don't know what the alcohol level means in any given individual at any given time. I've never done a pharmacokinetic calculation since I was in medical school in biochemistry. I did enzyme kinetics in college on porphyrins. . . .I cannot give you an estimation. I'm sorry, but wouldn't presume that. It would be a bias one way or the other. I don't --- one of the as a professional is that I don't deal with biases. I would defer to somebody who knew much more ant [sic] this subject.

Id. at 92-93.

No party has listed an expert witness to testify on the meaning, interpretation, and/or significance of Regan's blood-alcohol test results. No expert reports were exchanged on this subject matter. While Starcraft does not appear to dispute that expert testimony is necessary to interpret blood alcohol concentration levels, it contends that a treating physician such as Dr. Simpkins qualifies as an expert and should be able to comment at trial upon the effects of blood alcohol on an individual. See Harris v. State ex rel. Dep't of Transp. and Dev., 2007-1566 (La.App. 1 Cir. 11/10/08), 997 So.2d 849, 867 ("A blood alcohol concentration level must be interpreted by competent expert testimony in order for a trier of fact to determine its effect on a person's ability to operate a vehicle."); Record Document 214 at 3.

Even if Dr. Simpkins was considered an expert qualified to interpret blood alcohol concentration, any testimony interpreting Regan's blood-alcohol test results "is expert testimony that should have been disclosed during discovery and apparently was not." Hallett v. Richmond, No. 05-50044, 2009 WL 5125628 (N.D. Ill. May 15, 2009). Moreover, in this case, the Court is faced with a treating physician who stated unequivocally in his deposition that he did not feel qualified as an expert in the field of interpretation of blood alcohol results. He also stated that any opinion on this issue would be conjecture and that he would defer an opinion to someone with more specialized knowledge.

Accordingly,

**IT IS ORDERED** that Plainitffs' Motion Re-Urging the Exclusion of Evidence of Blood-Alcohol Testing and Content Following Deposition of Cuthbert O. Simpkins, M.D. (Record Document 205) be and is hereby **GRANTED**. All evidence relating to the blood

alcohol testing and/or results of that testing performed on Plaintiff Daniel J. Reagan is hereby **EXCLUDED** from trial.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of June, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE