**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DANIEL J. REGAN AND                                  CIVIL ACTION NO. 06-1257
FRANCIS ELWOOD REGAN, JR.

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

STARCRAFT MARINE LLC, ET AL.                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

On March 18, 2010, this Court ruled on Starcraft's Motion in Limine to Preclude the Admission of Photographs and Videotapes of the Plaintiff (Record Document 169). See Record Document 192 at 2.  The motion was granted as to the video and denied as to the photographs. See id.  However, Plaintiffs' counsel was instructed that he would be limited to five photographs to depict Plaintiff Daniel Regan's injuries. See id.  The Court ruled on the motion in limine based on the briefs alone, as neither party to the motion in limine submitted the photographs or video.  The undersigned advised Plaintiffs' counsel that he was free to present additional photographs to the Court at a later time to determine their admissibility.

Now before the Court is a Motion for Reconsideration of the previous ruling regarding photographs and video. See Record Document 235.  Plaintiffs ask the Court to reconsider and modify its prior ruling, arguing that the full scope of Plaintiff Daniel Regan's injuries, complications, treatment, and rehabilitation cannot fairly be depicted with only 5 photographs and that neither the photographs nor the video, which were attached for the Court's review, are inflammatory or overly prejudicial. See id.  Defendant Starcraft Marine, LLC ("Starcraft") opposed the Motion for Reconsideration. See Record Document 239.

**Photographs**

Plaintiffs maintain that five photographs is inadequate to demonstrate and document injuries and damages Daniel Regan suffered and ask to introduce 19 photographs.  The Court has reviewed these photographs.  Many of the 19 photographs appear to be duplicative and presenting all of them would constitute "needless presentation of cumulative evidence."  F.R.E. 403.  However, the Court will now permit Plaintiff to present a total of 12 photographs, specifically Exhibits B-K, O, and Q.[1]  Moreover, based on the showing made in the motion, Plaintiffs have not demonstrated that limiting the photographs to 12, rather than 19, would constitute "undue prejudice."  Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1332 (5th Cir. 1996) ("Though between 500 and 700 photographs were taken, the district court allowed each party to introduce only ten photographs . . . .  It is well established that the district court is entitled the manage its court room and docket.  The limitation placed upon the number of pictures is justifiable, unless a party demonstrates that the absence of a particular depiction has caused undue prejudice.  That showing has not been made here.  We cannot say that the district court abused its discretion by requiring all parties to limit the number of photographs introduced at trial.").

**Videos**

"Whether to admit and permit the showing of a [video] . . . is within the sound and broad discretion of the district court."  Johnson v. William C. Ellis & Sons Iron Works, Inc., 604 F.2d 950, 958 (5th Cir. 1979).  Here, Plaintiffs seek to introduce two videos.  The first,

---

[1]While the Court delineated these 12 exhibits as admissible, Plaintiffs' counsel is free to select any other combination of 12 photographs from the 19 he submitted for review, as long as the 12 photographs are not cumulative/duplicative.

Exhibit U, is a graphic video of wound care involving fully exposed calf muscle and missing skin.  The second, Exhibit V, is video of various aspects of Plaintiff Daniel Regan's rehabilitation.  After a review of both videos, the Court finds that the wound care video's probative value is substantially outweighed by the danger of unfair prejudice.  See F.R.E. 403.  Even without sound, the video, which zooms in and out, clearly shows Plaintiff Daniel Regan's pain, as evidenced by his body shaking.  Additionally, physical therapist Amy Brogle can be seen comforting and patting Plaintiff Daniel Regan as she form fitted a piece of foam to fit the area of missing skin.  While the video itself is inadmissible, Ms. Brogle is free to give detailed testimony regarding her treatment of Plaintiff Daniel Regan. Conversely, the Court will permit Plaintiffs to admit the rehabilitation video, provided that the proper foundation is laid regarding the timing of the video and when the depicted rehabilitation treatments occurred.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration of Court's Ruling Limiting Plaintiffs' Evidence to Five Damage Photos (Record Document 235) be and is hereby **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to the photographs.  Plaintiffs will now be permitted to introduce a total of 12 photographs, specifically Exhibits B-K, O, and Q.  The motion is **DENIED** as to Exhibit U, the wound care video, and **GRANTED** as to Exhibit V, the rehabilitation video.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 16th day of July, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE