UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL J. REGAN AND<br>FRANCIS ELWOOD REGAN, JR. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Exclude Testimony and Report of John C. Hornor (Record Document 247) filed by Defendants Starcraft Marine, LLC, Lexington Insurance Company, and New Hampshire Insurance Company ("Defendants"). Defendants seek to exclude the deposition testimony of John C. Hornor ("Hornor") on the grounds that it was not videotaped and because it is hearsay. See id. Plaintiffs oppose the motion. See Record Document 266. However, it appears that Plaintiffs seek to read Hornor's deposition to the jury, but not introduce his report. See id.

Hornor, a naval architect and marine engineer, was retained by the United States as an expert in this matter. At the time of his deposition, the United States was a party to this matter and the discovery deposition was not videotaped.[1] The United States has now been dismissed and Hornor is beyond the subpoena power of this Court. Therefore, pursuant to Federal Rule of Evidence 804(a)(5), Hornor is "unavailable."[2] Defendants were

---

[1] None of the expert depositions in this case were videotaped because it was anticipated that the experts would appear in person at trial.

[2] FRE 804(a)(5) provides:

"Unavailability as a witness" includes situations in which the declarant –

    (5)    is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a

represented at the deposition of Hornor and, in fact, defense counsel performed an extensive cross-examination of Hornor. See Record Document 266, Exhibit A. Thus, pursuant to Federal Rule of Evidence 804(b)(1), Hornor's deposition is not excluded by the hearsay rule because it was "a deposition taken in compliance with law in the course of the same . . . proceeding" and Defendants "had an opportunity . . . to develop the testimony by cross . . . examination." Finally, while it is true that this Court's Scheduling Order contemplates video depositions for jury trials, there are exceptions to this general rule. As stated by Plaintiffs, the Court previously approved reading portions of Clyde Head's deposition. Likewise, there is no just reason not to allow the reading of Hornor's deposition to the jury.

Accordingly,

**IT IS ORDERED** that the Motion to Exclude (Record Document 247) be and is hereby **DENIED** as to Hornor's deposition testimony and **DENIED AS MOOT** as to Hornor's expert report.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 16th day of July, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means.