UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL J. REGAN AND<br>FRANCIS ELWOOD REGAN, JR. | CIVIL ACTION NO. 06-1257 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARCRAFT MARINE LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion in Limine (Record Document 254), which seeks to exclude (1) evidence relating to the fault of the United States; (2) Louisiana Wildlife and Fisheries reports and blood alcohol content; (3) documents related to Starcraft Marine, LLC's ("Starcraft") testing procedures for leaking pontoon tubes; (4) documents related to Starcraft's warranty; (5) documents related to the rental of Pontoon Boat 35 after repairs and after the accident; and (6) evidence relating to Starcraft's "Pirate Cove" witnesses as cumulative and repetitive. Defendant Starcraft opposed the motion in limine. See Record Document 259.

**Fault of the United States**

On June 24 2010, this Court granted summary judgment in favor of the United States and dismissed all of Starcraft's claims against the United States. See Record Documents 227 and 228. Thus, Plaintiffs argue that the fault of the United States is no longer an issue and evidence related to said fault is irrelevant. Starcraft contends that testimony regarding the fault of the United States remains appropriate for trial.

In interpreting Louisiana Civil Code Article 2323(A),[1] one Louisiana appellate court reasoned:

> Our examination of the language reveals that this article requires consideration of the fault of all persons **causing or contributing** to the injury regardless of whether the person is a party or nonparty to the action. Although the article is silent regarding dismissed, non-negligent Defendants, we believe that it is illogical to consider these parties in the allocation of fault when it has previously been determined that they did **not cause or contribute** to the injury as required by the article. Further, such a reading of the article would result in the possibility of penalizing the Plaintiff by forcing the allocation of fault to non-negligent previously dismissed parties thereby reducing her recovery. Such an application of the law would be absurd. The very nature of Louisiana tort law centers around the principle that every person is responsible for the damage he causes by his negligence. La.Civ.Code art. 2316. Conversely, one may logically deduce that a non-negligent party is not responsible for damages that he does not cause. Similarly, when the court determines that a party or nonparty is not negligent, he may not be considered in the allocation of fault, and subsequent evidence may not be admitted to establish his fault. Having previously determined that the third parties were not negligent, the trial court committed manifest error in later admitting evidence which suggested negligence on their behalf.

Bowie v. Young, 2001-0715 (La.App. 3 Cir. 3/20/02), 813 So.2d 562, 569; see also Duzon v. Stallworth, 2001-1187 (La.App. 1 Cir. 12/11/02), 866 So.2d 837, 854 ("[W] conclude, as [the Bowie court] did, that when the court determines that a party or nonparty is not negligent, he may not be considered in the allocation of fault, and subsequent evidence may not be admitted to establish his fault."); Quinn v. State, No. 2009-0085, 2009 WL 4981911, *6 (La.App. 1 Cir. Dec. 23, 2009).

---

[1]Article 2323(A) provides in pertinent part:

In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute . . . , or that the other person's identity is not known or reasonably ascertainable.

Here, the Court determined at the summary judgment stage that the United States did not cause or contribute to Plaintiff Daniel Regan's injuries. Based on the rationale of the Bowie court, the jury may not consider the United States in the allocation of fault and no evidence may be presented to establish any such fault. The motion in limine is, therefore, **GRANTED** as to evidence relating to the fault of the United States.

**Louisiana Wildlife and Fisheries Reports and Blood Alcohol Content**

In its opposition, Starcraft stated that Plaintiffs' argument that it would attempt to introduce evidence regarding the blood alcohol content issue was "in error." Record Document 259 at 3. Starcraft confirmed that all documents it intends to introduce at trial will be redacted to eliminate any reference to blood alcohol content. Therefore, the motion in limine is **DENIED AS MOOT** as to the Louisiana Wildlife and Fisheries reports and blood alcohol content.[2]

**Starcraft's Testing Procedures for Leaking Pontoon Tubes**

Plaintiffs seek to exclude Starcraft Exhibits 512 (Pontoon Tube Leak Procedures) and 513 (Daily Pontoon Tube Check). Plaintiffs contend that these exhibits are hearsay and are irrelevant, as the exhibits are forms having nothing to do with the subject boat involved in the accident in this case.

In its opposition, Starcraft stated that Exhibits 512 and 513 may be used in the event that Plaintiffs attempt to elicit proof that Starcraft did not comply with the tests applicable to the subject boat. See Record Document 259 at 4. Starcraft submits that these exhibits are "proof" that it complied with required testing. Id.

---

[2] As previously held, the Court will allow testimony regarding the use of alcohol by those on the subject boat on the day of the accident.

The relevancy of Starcraft Exhibits 512 and 513 is dependent upon Plaintiffs' trial presentation, namely whether they present evidence to establish that Starcraft did not comply with the tests applicable to the subject boat. Therefore, the ruling on the admissibility of Starcraft Exhibits 512 and 513 is **DEFERRED TO TRIAL**.

**Starcraft's Warranty**

Plaintiffs seek to exclude Starcraft Exhibits 516 (Limited Warranty) and 582 (letter denying a warranty claim made by a repair shop in Leesville, LA). Plaintiffs contend that these exhibits are hearsay and are irrelevant since there is no breach of warranty claim. Moreover, Plaintiffs note that the warranty claim denied by Starcraft, as set forth in Exhibit 582, deals with a weld repair made to the pontoon "log" (tube), a subject matter that has nothing to do with the issues presented in this case.

Starcraft identified Exhibits 516 and 582 as information regarding the warranty and warranty claims that it has received, which demonstrates that it had not received any warranty claims involving the gate, latch, or hinges for the model boat involved in this accident. See Record Document 259 at 4. Further, Starcraft stated that these exhibits "may become relevant at trial" based upon the questions asked by Plaintiffs' counsel during their examination of Starcraft witnesses. Id.

Again, the relevancy of Starcraft Exhibits 516 and 582 appears to be dependent upon the course of trial and the ruling on the admissibility of these Starcraft exhibits is **DEFERRED TO TRIAL**.

**Rental of Pontoon Boat 35 after Repairs and after the Accident**

Plaintiffs seek to exclude Starcraft Exhibit 581, which are rental records of Pontoon Boat 35 from May 7, 2005 until June 12, 2005. These dates fall after the April 16, 2005 accident and after the April 18-21, 2005 repairs of the boat. Plaintiffs contend that these documents are hearsay and further submit that they do not believe that the there will be a witness called who can identify or explain these documents. Plaintiffs also challenge these documents on the ground of relevancy, maintaining that they have no relevance to the issues in the case.

From the argument presented in its opposition, it appears that Starcraft intends to offer Exhibit 581 in relation to the fault of the United States. See Record Document 259 at 5. Specifically, Starcraft submits that the rental records will demonstrate that the United States continued to offer the subject boat for rent after the accident, thus establishing that the United States made no determination that the boat was defective. See id.

The undersigned held that the fault of the United States is inadmissible. Thus, the United States' continued rental of the subject boat after the accident and/or whether the United States determined that the boat had a defect is no longer relevant. Accordingly, the motion in limine is **GRANTED** as to Starcraft Exhibit 581.

**Starcraft's "Pirate Cove" Witnesses**

Starcraft has listed four will call witnesses and ten may call witnesses who will presumably testify regarding the "rowdy" conduct of the occupants of the subject pontoon boat. Plaintiffs argue that these witnesses will be repetitive and cumulative and seek an order from the Court to limit their testimony on the issue of "rowdy" conduct. Conversely,

Starcraft submits that its "Pirate Cove" witnesses are cumulative and repetitive, as each witness observed different activities at different times during the time period leading up to the accident and afterwards. Starcraft also stated that it has no intent to violate the previous ruling regarding the exclusion of testimony regarding "flashing" and nude sunbathing.

Based on the showing made at this time, the Court finds that the testimony of Starcraft's "Pirate Cove" witnesses is neither cumulative nor repetitive and the motion in limine is **DENIED** as to these witnesses. Once the testimony of the "Pirate Cove" witnesses commences at trial, Plaintiffs are free to reurge their objections if the testimony becomes repetitive or cumulative.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion in Limine (Record Document 254) be and is hereby **GRANTED** as to the fault of the United States and documents related to the rental of Pontoon Board 35 after repairs and after the accident; **DENIED** as to Louisiana Wildlife and Fisheries reports, blood alcohol content, and Starcraft's "Pirate Cove" witnesses; and **DEFERRED TO TRIAL** as to documents relating to Starcraft's testing procedure for leaking pontoon tubes and documents relating to Starcraft's warranty.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 12th day of October, 2010.

```
_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE
```