**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

DANIEL J. REGAN AND                                          CIVIL ACTION NO. 06-1257
FRANCIS ELWOOD REGAN, JR.

VERSUS                                                                  JUDGE S. MAURICE HICKS, JR.

STARCRAFT MARINE LLC, ET AL.                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

During a July 2010 telephone status conference, Defendant Starcraft Marine LLC

("Starcraft") requested that the jury be allowed to view the subject pontoon boat as a

demonstrative aid.[1]  See Record Document 285.   Plaintiffs objected on the grounds of

Federal Rule of Evidence 403[2] and the undersigned *tentatively* denied Starcraft's request,

but allowed additional briefing on the matter.  See Record Documents 285, 296, and 298.

Starcraft again argues "that it is proper, appropriate and necessary for the jury to

view Pontoon 35."  Record Document 296 at 6.  Starcraft notes that while the boat has

aged, it has not deteriorated and all deck features are intact.  See id. at 2.  To counter

Plaintiffs' Rule 403 objections, Starcraft states that it is willing to have the viewing

conducted in silence and further stated that it would remove the "broken gate" such that

"the boat would . . . be in the same physical condition it was in when the boat reached the

dock at Pirate's Cove."  Id. at 3.  Finally, Starcraft submits that because "there is not one

---

[1]The Court believes that the subject boat would not be a demonstrative aid, but rather real, tangible evidence for the jury to consider in reaching its verdict.

[2]Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

photograph that has a good overall view of the entire deck and its layout," the jury's viewing of the boat is essential "to understand this case." Id. at 4.

Conversely, Plaintiffs argue "there is no need for the proposed inspection of the boat as the boat has been the subject of innumerable photographs as well as video[] which accurately and completely depict the condition of the boat shortly after the accident." Record Document 298 at 1.  In fact, there are over 900 photographs of the subject boat and its sister boats, including 12 pictures of the boat taken on the night of the accident and 15 pictures of the boat taken the day after the accident.  See id. at 1-2.  During its first inspection of the boat, which occurred on October 12, 2005, Starcraft took a video of every part of the boat from every conceivable angle.  See id. at 2.  Based on the existence of these photographs and video, Plaintiffs contend that the jury's viewing of the boat would be a waste of time and a needless presentation of cumulative evidence under Rule 403. See id.

Additionally, Plaintiffs argue that the subject boat is not substantially the same as it was at the time of the accident, namely because the bow gate has no latch of any kind on it and has hinges and screws which are either gone or were bent as a result of the static load test performed by their experts.  See id. at 2-3.  Plaintiffs submit that any removal of the gate, as proposed by Starcraft, will not solve the similarity problem, but rather "compound the differences and further confuse and potentially mislead the jury" regarding the condition of the boat at the time of the accident.  See id. at 3.

District courts enjoy wide discretion in determining the admissibility of evidence under the Federal Rules.  See Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 384, 128 S.Ct. 1140, 1145 (2008), citing U.S. v. Abel, 469 U.S. 45, 54, 105 S.Ct. 465

(1984).  Assessing the probative value of evidence, and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.  See id.  "This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."  Sprint/United Management Co., 552 U.S. at 384, 128 S.Ct. at 1145 (internal quotations and citations omitted).

Here, the Court finds that the existence of hundreds of photographs and video of the boat counsels against the jury's viewing of the boat, as such viewing has the potential to cause undue delay, waste of time, and/or the needless presentation of cumulative evidence.  More importantly, the Court believes that a viewing of the subject boat five years after the accident could result in confusion of the issues and/or misleading the jury because the jury will naturally focus on the bow gate area of the boat, which is not in the substantially same condition as it was five years ago.  Accordingly, Starcraft's request for the jury to view the subject pontoon boat is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 12th day of October, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE